## Politowski, Appellant, *v.* Burnham.

*Negligence—Master and servant—Place of employment—Nonsuit.*

A jury cannot be permitted to find anything negligence which is less than failure to discharge a legal duty.

In an action by an employee against his employers, the proprietors of a locomotive works, to recover damages for personal injuries, it appeared that the plaintiff was directed to fit injector pipes in the cab of a locomotive standing on a railroad track. Plaintiff was familiar with this kind of work and had done it before at or near the same place. While he was at work in the cab, a locomotive came along on the same track and pushed the engine on which the plaintiff was working for a considerable distance, until it struck a freight car standing on a side track too close to the switch to allow the moving engine to pass safely. In the collision plaintiff was injured. *Held,* that a nonsuit was properly entered.

Argued Jan. 15, 1906. Appeal, No. 288, Jan. T., 1905, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1904, No. 3,611, refusing to take off nonsuit in case of Maryan Politowski v. George Burnham et al., trading as Burnham, Williams & Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BRÉGY, J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was order refusing to take off nonsuit.

*William F. Brennan,* for appellant.—A motion for a nonsuit admits all the facts which the jury might have fairly inferred

from the testimony: Maynes v. Atwater, 88 Pa. 496; Miller v. Bealer, 100 Pa. 583; Cohen v. R. R. Co., 211 Pa. 227.

The defendants were negligent, because they did not provide the plaintiff with a safe place to work: Lillie v. Car & Foundry Co., 209 Pa. 161; Lewis v. Seifert, 116 Pa. 628; Prevost v. Citizens' Ice, etc., Co., 185 Pa. 617; Casey v. Paving Co., 198 Pa. 348; Sweigert v. Klingensmith, 210 Pa. 565; New v. Milligan, 27 Pa. Superior Ct. 516; Hickey v. Solid Steel Casting Co., 212 Pa. 255; DeGrazia v. Piccardo, 15 Pa. Superior Ct. 107; Patterson v. R. R. Co., 76 Pa. 389; Reese v. Clark, 198 Pa. 312; Kehler v. Schwenk, 31 W. N. C. 201; Woodward v. Shumpp, 120 Pa. 458.

*James Wilson Bayard,* with him *John G. Johnson,* for appellees.

OPINION BY MR. JUSTICE ELKIN, February 26, 1906:

The learned court below refused to take off a nonsuit directed to be entered at the trial and this appeal is intended to test the correctness of that ruling. The appellant relies on the rule of law that a motion for a nonsuit admits all the facts and inferences that may be fairly drawn from the same proven by the plaintiff at the trial. This contention is amply supported by our cases. It does not follow, however, that in the case at bar such facts were offered in evidence as to permit a jury to draw an inference of negligence. A jury cannot be permitted to find anything negligence which is less than failure to discharge a legal duty: Phila. & Reading Railroad Company v. Hummell, 44 Pa. 375. What legal duty did the defendant company fail to discharge to the appellant? It is argued that it did not provide a safe place in which to work. If the facts supported this contention, it might have been a proper case for the jury. We do not so understand the facts.

It appears from the testimony that on the day of the accident the appellant, an employee of the appellees, was sent down to fit the injector pipes in the cab of a locomotive standing on a railroad track in the Reading subway. It cannot be seriously contended that working in the cab of an engine is dangerous or unsafe, nor that the appellees are to be charged with negligence because they sent their employee to do work therein,

he being familiar with and having done the same kind of work many times before. It is clear, therefore, that up to this point there was no negligence by the appellees making them liable in damages.

Did the evidence disclose any facts which would charge the appellees with negligence subsequently? It appears that while the engine was standing on the railroad track a locomotive, called in the testimony an "old engine," came along the same track from the east and pushed the engine on which the appellant was working in the direction of Twenty-first street, at which point a box freight car was standing on a side track too close to the switch to allow the moving engine to pass safely. As a result there was a collision between the moving engine and the standing freight car. The cab of the engine was wrecked and appellant was severely injured. The accident occurred on the tracks of the Reading Railway Company, a considerable distance from the works of the appellees. The negligence alleged in the statement of claim, in substance charges that the appellees permitted the "old engine" to run over the tracks of the Reading Railway Company so that the locomotive on which the appellant was working came in collision with the box freight car standing on the tracks of the said railway company, hurling him to the roadbed thereof, thus causing the injuries for which damages are sought to be recovered. The weakness of the appellant's case is that there is no evidence that the appellees are responsible for this alleged negligence. The testimony did not show that the "old engine" was owned, operated or controlled by the appellees, nor that they had anything to do with its movements, or that it pushed the engine on which appellant was working at their instance or by their direction. The probable cause of the accident was the location of the freight car which stood so near the switch that the engine could not pass without a collision. It is not even contended that the appellees had any control over or were in any way responsible for the location of the freight car. Under these circumstances, it cannot be said that they failed in the performance of any legal duty owed by them to the appellant in this respect.

The learned counsel for appellant argues at length that the accident was due to an increased danger or risk not incidental

to plaintiff's employment, of which he had no notice or knowledge. Numerous authorities are cited in support of this principle. We fail to see that they have any application to the case at bar. The appellant was as familiar with whatever danger or risk there was in his employment as his employers were. He admits that he did the same kind of work at or near the same place ten or more times before the date of the accident, and therefore cannot say he did not have notice or knowledge of the risks of his employment. He did not object to nor complain about the danger or risk incident thereto. Under these circumstances, he assumed the risks.

Judgment affirmed.