# Goehring *v.* Beaver Valley Traction Company, Appellant.

*Negligence—Street railways—Passenger—Master and servant—Borough policeman—Contributory negligence—Question for jury.*

A borough policeman was not paid by the borough but by business men and others needing police protection. He rendered services to a traction company in preserving order at its stations and on its cars. For these services he was paid by the company a small sum in wages with the right of free transportation over all its lines. On a certain night he was asked by a conductor to board a car on an outward trip. On the return trip when there was no disorder, the conductor asked the policeman to go to the front platform with the motorman. While standing there he was severely injured by the car leaving the track at a curve, when it was being run at a great and excessive speed. *Held* (1) that the question whether the policeman was or was not a passenger at the time of the accident was for the jury, and (2) that the question of his contributory negligence was also for the jury.

Argued Oct. 14, 1908. Appeal, No. 222, Oct. T., 1908, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1905, No. 82, on verdict for plaintiff in case of Charles W. Goehring v. Beaver Valley Traction Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SMITH, P. J., specially presiding.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

[Plaintiff's counsel contends that his business as a night policeman ended at the boundary of Rochester borough, being the middle of the Ohio river, while in the defendant's testimony it is contended that his employment was that of a peace officer throughout their entire lines. On the night of the accident plaintiff, after getting on the car and taking his seat in the regular seats in the interior of the car, alleges that he was directed by the conductor to go on the front platform

with the motorman, and it is in testimony on both sides that he stayed there during the entire trip going to Monaca, where they stopped a couple of minutes, during which time he sat with the motorman in the interior of the car, and then again took his place on the front platform with the motorman on the return trip at the instance of the employees of the car. Plaintiff's counsel contend that he was not in the line of his employment on the return trip, but that his duties as night policeman in there were only on the outbound trip from Rochester to the center of the bridge, and that he did not get off after passing that point simply for the reason that he did not want to walk back. Now we leave this as a question of fact for this jury. Plaintiff could have been an employee with the rights of free passage and at the same time a passenger, that is, his being an employee is not inconsistent also with his being a passenger at certain times upon the company's cars. The question for you then to consider is, whether or not on this night in question, under all the testimony in the case, both on the part of the plaintiff and on the part of the defendant, this plaintiff was there as an employee of the company in the line of his duty by virtue of such employment at the time of the accident. If he was a passenger, as we said to you before, the proof of the accident raises the presumption of negligence on the part of the defendant company or of its employees. While if he was an employee and there in the line of his duty, there is no such presumption of law and the burden would be upon this plaintiff to satisfy you that there was negligence on the part of the defendant's employees. There must be negligence on the part of the defendant, understand, in either case, but in the case of a passenger this negligence is presumptive from the proof of the accident.] [7]

[Having decided, then, this question of fact as to his status as a passenger or an employee on that night and at the time of the accident, you then pass to the question, if you decide he was an employee, whether negligence has been shown affirmatively by plaintiff's testimony. If he was an employee and it has not been so shown, defendant is entitled to a verdict at your hands. If a passenger, has the presumption of negli-

gence been overcome by the proof offered by the defendant? If it has, defendant again would be entitled to your verdict. If an employee, and this accident was the result of negligence by a coemployee, such as would be the motorman and the conductor, plaintiff cannot recover and your verdict must be for the defendant. The only evidence in this case on the part of the plaintiff attempting to explain the cause of this accident is that of the plaintiff himself and one or two witnesses, in an effort to show excessive speed of the car. There is no evidence of the plaintiff going to show that the car was defective or that the track was defective, or that this accident could have resulted from anything but increased speed upon a down grade, at the end of which was a curve, causing the car to leave the track at the curve. If this was the fault of the motorman, a coemployee, or was caused in any way by the act of the plaintiff himself, or by virtue of his contributory negligence, then he cannot recover in this action.] [8]

[It is one of the undisputed facts in this case that this plaintiff was on the front platform of this car. It was while he was in that position that he received the injuries for which he sues. He excuses himself for being in this position, however, by alleging that he was directed to go there by the conductor, who told him that he did not allow policemen to ride on the seats, or something to that effect. You will remember just what he alleges was said. It is in evidence, undisputed I believe, that there was no rule of the company to that effect, and that the conductor himself denies that he gave any such direction. What, then, was the fact? Was he directed to go there by the conductor or did he go there voluntarily as is claimed by the conductor, at the instance of the motorman to talk to him? If he did go there at the positive direction of the conductor, we take it that such direction would have to be obeyed, as the conductor was the manager of that car and in full authority, and he, the plaintiff, would not be necessarily guilty of negligence per se in thus obeying the conductor's orders.] [9]

Verdict and judgment for plaintiff for $6,185. Defendant appealed.

*Errors assigned* among others were (7, 8, 9) above instructions, quoting them.

· *James L. Hogan*, with him *John M. Buchanan*, for appellant. —A policeman riding on the car to keep order is undoubtedly a fellow servant with the motorman and conductor: New York, etc., R. R. Co. v. Bell, 112 Pa. 400; Dishon v. Railway Co., 126 Fed. Repr. 194; Texas & Pac. Ry. Co. v. Smith, 31 Lawyers' Rep. Annotated, 321; McLaughlin v. Interurban St. Ry. Co., 91 N. Y. Supp. 883.

A passenger on the platform takes upon himself the risk of injury from collision as well as the ordinary dangers: Harding v. Transit Co., 217 Pa. 69; McDade v. Transit Co., 215 Pa. 105; Paterson v. Transit Co., 218 Pa. 359; Mooar v. Pittsburg Railways Co., 219 Pa. 616; Ramsey v. Street Railway Co., 35 Pa. Superior Ct. 598; Purvis v. Railroad Co., 219 Pa. 195; Deery v. Railroad Co., 163 Pa. 403; Rothstein v. Railroad Co., 171 Pa. 620; Reilly v. Railway Co., 4 W. N. C. 273.

*George Wilson* and *Robert W. Darragh*, for appellee.—We contend that this case was properly submitted by the court to the jury under all the evidence: McNulty v. Railroad Co., 182 Pa. 479; Creed v. Railroad Co., 86 Pa. 139; O'Donnell v. Railroad Co., 59 Pa. 239.

OPINION BY MR. JUSTICE POTTER, January 4, 1909:

The plaintiff in this case was employed as a night policeman for the borough of Rochester, but instead of being paid by the borough he received his compensation from business men and firms, who were presumably interested in securing police protection. Among other services which he rendered was that of keeping a certain waiting room of the traction company clear of loafers and disorderly persons, and he was also expected to respond whenever called upon by the conductors to aid in preserving order upon the cars of the defendant company. For his services to the defendant in these respects, it paid him $4.00 a month, and gave him the right of free transportation over all its lines. His earnings as a police officer from other

persons and firms whom he served during the same period were apparently more than ten times what he received from the defendant company. Plaintiff testified that on the night of the accident he was asked by its conductor to board a car running across the river into the borough of Monaca, and that he responded to the request. That at first he took a seat inside the car, but was directed by the conductor to go to the front platform with the motorman. He made the trip to the terminus and back, and while he was upon the front platform and as the car was rounding a curve with what was charged as great and excessive speed, it was thrown from the track, and plaintiff was very severely injured. At the trial of the case it was contended on the part of the plaintiff that he was merely a passenger at the time of the accident, having at the time no police duties to discharge, and that he was under his right to free transportation, merely riding back to the point at which he had entered the car. On the other hand, the defendant company contended that the plaintiff was then acting in the capacity of an employee. This disputed question of fact as to the status of the plaintiff was left to the determination of the jury, and properly so, we think. It is clear from the evidence that upon the return trip of the car there was no disorder and no occasion for interference by the plaintiff in his capacity as an officer. He was entitled to free transportation as part of the compensation for his services. McNulty v. Penna. R. R. Co., 182 Pa. 479, affirms the doctrine that "a person employed by a railroad company at a certain amount of wages per day and free transportation to and from his home is to be regarded as a passenger while traveling to his home after his day's work is done." In the present case, as that question was carefully submitted to the jury for their determination, the verdict of the jury must be accepted as establishing the fact that the plaintiff was a passenger at the time of the accident; and we know of no principle of law which stands in the way of such a finding. We think the question was properly regarded as one of fact for the jury rather than one of law for the court, and that in this respect the case is within the principle of Wilkes v. Buffalo, etc., Ry. Co., 216 Pa. 355.

On the question of plaintiff's contributory negligence, the jury were instructed that there could be no recovery if the plaintiff voluntarily took a place upon the front platform, when there was room for him inside the car. But the undisputed evidence is that the conductor directed plaintiff to go out upon the platform, telling him that the motorman wanted to talk to him. It must be remembered that under the circumstances the position of the plaintiff was not that of the ordinary passenger. He was a peace officer, engaged by the defendant company to aid the men in charge of the car in preserving order whenever the need should arise. He had also the right of free transportation at all times, whether actually discharging police duties or not. Under such circumstances the rules which would govern an ordinary passenger could not reasonably be applied to the conduct of the plaintiff. He would naturally have occasion for communicating with the men in charge of the car, as ordinary passengers would not. The trial judge could not properly have ruled as matter of law that the plaintiff was guilty of contributory negligence in going from the inside of the car to the front platform in compliance with the direction of the conductor.

Our examination of the record in this case has satisfied us that the questions of whether plaintiff was at the time of the accident a passenger or an employee, the negligence of the defendant, and the contributory negligence of the plaintiff, were all properly submitted to the jury, in a very careful and impartial charge, of which the appellant has no just reason to complain.

The assignments of error are overruled, and the judgment is affirmed.