# Coffee, Appellant, *v.* Monongahela Railway Company.

*Negligence—Railroads—Brakeman—"Poling" cars—Safe instrumentality—Contributory negligence—Binding instructions.*

1. In an action against a railroad company to recover damages for personal injuries sustained by the plaintiff who was employed

at the time of the accident as a brakeman on one of the defendant company's trains and had had previous experience as a freight conductor, binding instructions for defendant are proper where it appears that in the course of plaintiff's employment it became necessary in the switching of cars to make use of a pole which was placed so as to reach diagonally from the corner of one car to the corner of another upon the adjoining track, so that when the first car moved, it would push along with it, by means of the pole, the second car; that for the purpose of so "poling" the cars the locomotive attached to the train in question was equipped with a strong pole six or seven feet in length; that the plaintiff made no attempt to use such pole but instead used a piece of hemlock scantling, which plaintiff said he knew had been intended for use as a stanchion at the side of a freight car, and which he testified was cross-grained and full of slivers, and unsafe to use for such purpose; and that the hemlock pole broke under the pressure which was put upon it and caused the injuries of which the plaintiff complained.

2. In such a case the fact that the conductor told plaintiff to use the piece of hemlock does not excuse the plaintiff's contributory negligence.

Argued October 31, 1913. Appeal, No. 218, Oct. T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., Nov. T., 1910, No. 40, on directed verdict for defendant in case of Richard Coffee v. Monongahela Connecting Railroad Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before REID, J.

The facts appear by the opinion of the Supreme Court.

Verdict for the defendant by direction of the court, and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was in giving binding instructions for the defendant.

*Rody P. Marshall,* of *Thomas M. & Rody P. Marshall,* with him *Walter P. Rainbow,* for appellant.

*William A. Challener,* with him *Clarence Burleigh,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

In this action the plaintiff sought to recover damages from the defendant for the results of alleged negligence. At the time of the accident the plaintiff was employed by defendant as a brakeman, but had previous experience as a freight conductor also. In the course of his employment it became necessary in the switching of cars, from time to time, to move certain cars upon tracks adjoining that upon which his train or locomotive was standing. In doing this it was customary to make use of a pole, which was placed so as to reach diagonally from the corner of one car to the corner of another, upon the adjoining track, so that when the first car moved, it would push along with it, by means of the pole, the second car. This operation was called "poling" the cars; and in order that it might be performed, each locomotive when properly equipped, carried a strong pole, some six or seven feet in length fitted for the purpose. That the locomotive upon the train in question was equipped with such a pole, is not disputed. It was proven as part of the plaintiff's case. Yet notwithstanding the fact that the locomotive pole was in its place ready for use at the time of the accident, the plaintiff made no attempt to get it or use it; but instead used a piece of hemlock scantling, which he said he knew had been intended for use as a stanchion at the side of a freight car. His excuse was that the conductor told him to use the piece of hemlock. The conductor denied having given any such direction. If this feature were essential to the decision of the case, it would have to go to the jury as a disputed question of fact; but we do not so regard it. The plaintiff admits that he used the piece of hemlock, which he considered unsafe, and which had not been supplied by the defendant for any such purpose, and that it broke under the pressure which was put upon

it, and caused the injuries of which plaintiff complains. The record shows that the defendant company furnished a safe and proper appliance, which the plaintiff failed to use. If he had used this appliance for the purpose for which it was intended, the accident in all probability would not have occurred. That the conductor should have suggested the use of a manifestly unfit piece of hemlock wood, when a proper and suitable pole was in its place upon the locomotive, waiting to be used, seems incredible. But granting that the credibility of the plaintiff's statement was for the jury, it affords no proof that the defendant company was in any way at fault. Having furnished a proper appliance, it could not be held responsible for the failure of plaintiff to use it even though the conductor did suggest that something else, which was an obvious make-shift, would answer the purpose. If the conductor made such a suggestion, it could only have been as advisory, and while working in co-operation as he was at the time, with the plaintiff. The conductor was uncoupling the cars, which were to be poled, while the plaintiff was attending to the placing of the pole in position between the cars. The duty of supplying a proper pole was not upon the conductor. That duty was upon the defendant, and had been performed by it. If any suggestion was made by the conductor to use something else, it was a voluntary interference with, and was in disregard of the proper provision which had been made by the defendant. It could not be regarded as justifying the plaintiff in disregarding for himself the use of the pole which was furnished, and in jeopardizing his own safety by using something which he knew was unfit for the purpose. The record presents nothing from which it can fairly be inferred that the defendant company failed in the discharge of any duty which it owed to the plaintiff. But in any event, if the responsibility of the defendant company could be regarded as extending to the alleged action of the conductor in telling the plaintiff to use the hemlock, we agree with the court

below that the clear contributory negligence of the plaintiff prevents his recovery.  He testified that he knew the piece of wood was hemlock, that it was cross-grained and full of slivers, and was not a push pole, but was a side pole for holding a load in place upon a car, and that he thought it was unsafe to use.  He was a man of experience and had knowledge of the character of wood; yet he did use the hemlock which he knew was not suitable for the purpose, and which he regarded as unsafe.  In so doing, he took upon himself the risk.

There are six assignments of error in which complaint is made of the exclusion of evidence, as to the use of the pole which was provided.  In none of these assignments do we find any merit.  There was no offer to show that the plaintiff examined the pole, or criticised it in any way, or objected to its use.  The piece of hemlock which he used was about six feet in length, while the regular pole was about one foot longer.  As it was set at an angle between the cars, it would involve placing the cars a little farther apart, but the difference would be immaterial.  The pleadings raise no question as to the length of the pole or as to plaintiff's inability to use it.  He was familiar with the work he was called upon to perform.  Two of the assignments are to the rejection upon objection of questions which clearly were not cross-examination.

The assignments of error are all overruled, and the judgment is affirmed.