## Cunningham v. Philadelphia & Reading Railway Co., Appellant.

*Negligence—Railroads—Duty to warn—Persons seated under cars—Binding instructions.*

1. A railroad company is not required to give notice of the movements of its trains except where it has reason to anticipate that persons will be on the track.

2. In an action against a railroad company to recover damages for personal injuries sustained by a laborer in a scrap yard, no actionable negligence on the part of the defendant was shown where it appeared by plaintiff's testimony that he had placed himself beneath a freight car standing on a spur track belonging to his employer for unloading purposes and not intended to be moved, and that he was injured by reason of the sudden moving of the car without warning to him by defendant's shifting train, but it did not appear that the shifting crew had any notice of his presence under or about the car, and the shifting was being done pursuant to proper authority.

Argued Feb. 8, 1915. Appeal, No. 333, Jan. T., 1914, by defendant, from judgment of C. P. Chester Co., Aug. T., 1913, No. 114, on verdict for plaintiff in case of Iford L. Cunningham v. Philadelphia & Reading Railway Company. Before BROWN, C. J., POTTER, ELKIN, STEWART and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,500, which the court reduced to $4,000 and entered judgment upon the reduced verdict. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Arthur P. Reid,* with him *R. T. Cornwell,* for appellant.—It does not appear from the plaintiff's case that the defendant was negligent: Keller v. Philadelphia & Reading Ry. Co., 214 Pa. 82; Leithold v. Philadelphia & Reading Ry. Co., 47 Pa. Superior Ct. 137; Gallagher v. Balto. & Ohio R. R. Co., 52 Pa. Superior Ct., 569; Collins v. Second Ave. Traction Co., 7 Pa. Superior Ct. 318; Brague v. Northern Cent. Ry. Co., 192 Pa. 242; Bailey v. Lehigh Val. R. R. Co., 220 Pa. 516; McMullen v. Penna. R. R. Co., 132 Pa. 107; Cypher v. Huntingdon & Broad Top Mountain R. R. & Coal Co., 149 Pa. 359.

*William Tregay,* with him *W. E. Greenwood,* for appellee.—The case was for the jury: Portland Ice Co. v. Connor, 32 Pa. Superior Ct. 428; Chester Bank v. Southern Pipe Line Co., 40 Pa. Superior Ct. 81; Hartman v. Western Maryland Ry. Co., 246 Pa. 460; Schum v. Penna. R. R. Co., 107 Pa. 8; Fisher v. Monongahela Connecting Ry. Co., 131 Pa. 292; Cramer v. Aluminum Co. of America, 239 Pa. 120; Sulger v. Philadelphia & Reading Ry. Co., 245 Pa. 128; Carey v. Chicago, Rock Island & Pacific R. R. Co., 46 L. R. A. (N. S.) 877; Illinois Cent. R. R. Co. v. Panebiango, 277 Ill. 170.

OPINION BY MR. CHIEF JUSTICE BROWN, April 19, 1915:

At the time the plaintiff below was injured he was em-

ployed as a laborer in a scrap yard. There were six railroad tracks in it, known as Nos. 1, 2, 3, 4, 5 and 6. The first five connected with the sixth, which extended to a branch line of the appellant, the Philadelphia & Reading Railway Company. The shifting of cars in the yard was done, as a rule, by a crane owned by the scrap company. On March 26, 1913, while the plaintiff, with a number of his coemployees, was engaged in unloading a car on track No. 5, a storm suddenly broke, and, to escape the rain, he, with several of his fellowworkmen, got off the car and crawled under it. The brakes on the car were set, blocks were under the wheels and pieces of iron pipe had been propped against its side as skids to aid in unloading heavy lengths. While the plaintiff was seated beneath the car, eating his lunch, with his back against the truck, a shifting engine of the defendant company, coming from the rear, in coupling a draft of cars with the car next to the one under which he was sitting, pushed both of them along the track, and a wheel passed over one of his limbs, causing him to lose a foot. In this action, brought for the injuries sustained, the court submitted the questions of the defendant's negligence and of the plaintiff's contributory negligence to the jury, whose finding was in his favor. In overruling defendant's motion for judgment non obstante veredicto the learned trial judge, speaking for the court, said that while the case was close on both questions which he had submitted to the jury, their verdict, though excessive, would not be set aside. The plaintiff having filed a remittitur, in accordance with the order of the court denying the motion for a new trial, judgment was entered on the verdict, from which there is this appeal.

The negligence with which the appellant is charged is that although defendant's shifting crew knew the cars which the plaintiff and others were unloading should not have been moved or interfered with in any manner, they nevertheless, notwithstanding such knowledge, pushed or caused to be pushed, in a violent and negligent man-

ner, without warning or notice of any kind, a draft of cars against the cars which were being unloaded, injuring the plaintiff and others. If this averment had been supported by proof, the question of defendant's negligence would undoubtedly have been for the jury, but nothing is to be found in the testimony to sustain it, and we are of one mind that the court below should have so held by directing a verdict for the defendant, or entering judgment in its favor non obstante veredicto.

When the shifting crew of the defendant company pushed the draft of cars up track No. 5 there was nothing whatever to indicate to them, or any one of them, that the plaintiff or any other employee of the scrap company was at work in, on or about the two cars against which the draft of cars bumped. This being so, the shifting crew had no reason to suppose any employee of the scrap company had crawled under one of the cars and was seated there, eating his lunch. There was, therefore, no legal duty resting upon the crew to give warning of the approach of the engine and cars, so far as the plaintiff was concerned, for he had done a most unusual and extraordinary thing, of which the defendant had no conceivable notice. To him at the time he was injured the defendant owed no duty, and the jury ought not to have been permitted to find that, as to him, it had been negligent, even if its employees had not given notice of the approach of their train: Politowski v. Burnham, 214 Pa. 165. In Carey v. Chicago, Rock Island & Pacific Railway Company, 84 Kansas 274, 46 L. R. A. (new series), 877, a number of workmen were employed in uncovering rock in a quarry operated by a railroad company. Several loaded cars, awaiting removal, were standing upon a spur track near where they were at work. A rain having come up all but one of them entered the cars; he took shelter beneath the car and was run over and killed when a freight train backed into the cars in the process of picking them up. In reversing the judgment recovered by his widow in the court below, the appellate

court said: "A special finding stated that the negligence of the defendant consisted in not giving a proper warning signal. We conclude that the plaintiff cannot recover, because the evidence and findings do not disclose any actionable negligence of the defendant, but, on the other hand, do establish that the accident resulted from the want of ordinary care on the part of the deceased. In the absence of a statute a railway company is not required to give warning of the approach of a train, except where it has reason to anticipate that persons will be upon the track. 33 Cyc. 782. Here the trainmen owed no such duty to Carey, inasmuch as they did not know of his presence, and had no reason to suppose that any person would be under the cars. Liability for negligence can result only from the violation of a duty owed to the person injured."

But it is contended that the defendant was properly adjudged guilty of negligence, because it had no right to back its cars on any of the tracks in the scrap yard. This is not borne out by the testimony; on the contrary it appears that it did have such right directly from the scrap company. The plaintiff admitted that he had seen the foreman of the scrap yard point out to a conductor, in the employ of the defendant, cars which were to be taken out of the yard, and the foreman himself testified that prior to the day of the accident cars were frequently placed on the tracks in the yard, and taken from them by the defendant's employees at his direction. He further stated that on the very morning of the accident he had given orders to the defendant company, through one of its employees, to remove cars from the yard. The crew of the defendant company was, therefore, lawfully in it and upon track No. 5 when the plaintiff was injured.

As the judgment must be reversed, because the plaintiff failed to show any negligence on the part of the defendant, the question of his contributory negligence, under all the circumstances, becomes immaterial.

The second assignment of error is sustained, the judgment is reversed and the record remitted with direction that judgment be entered for the defendant non obstante veredicto.