# Meyers v. Jones & Laughlin Steel Co., Appellant.

*Negligence—Master and servant—Dangerous appliance—Notice of danger—Direction by foreman.*

Where a craneman employed in a steel mill is directed by his foreman to go to a circular saw and saw a block to secure the controller of the crane which was loose, and the workman goes to the saw in another part of the works, and notwithstanding a prominently displayed sign as follows "Notice, only an authorized operator to use this saw," proceeds without any knowledge whatever of

the method of using the saw to saw the block, and is injured through
his lack of knowledge, he cannot recover damages from his employer.

Argued May 3, 1916.   Appeal, No. 31, April T., 1916,
by defendant, from judgment of C. P. Allegheny Co., July
T., 1913, No. 2102, on verdict for plaintiff in case of
Harry Meyers v. Jones & Laughlin Steel Company.   Be-
fore ORLADY, P. J., HENDERSON, KEPHART, TREXLER and
WILLIAMS, JJ.   Reversed.

Trespass to recover damages for personal injuries.
Before SHAFER, J.

The facts are stated in the opinion of the Superior
Court.

Verdict and judgment for plaintiff for $1,500.   De-
fendant appealed.

*Error assigned* was in refusing judgment for defend-
ant n. o. v.

*William A. Challener,* with him *Clarence Burleigh,* for
appellant.—There was no case for the jury: Lonzer v.
Lehigh Valley R. R. Co., 196 Pa. 610;  Haynes v. Pen-
field, 231 Pa. 329;  Dugan v. Susquehanna Coal Co., 241
Pa. 565;  Coffee v. Monongahela Ry. Co., 243 Pa. 433.

*Meredith R. Marshall,* with him *Rody P. Marshall* and
*E. T. Adair,* for appellee, cited: Lanahan v. Arasapha
Mfg. Co., 240 Pa. 292;  Amiano v. Jones & Laughlin Steel
Co., 233 Pa. 523;  Schwarz v. Glenn, 244 Pa. 519;  Mc-
Clung v. Dearborne, 134 Pa. 396;  Brennan v. Merchant
& Co., Inc., 205 Pa. 258;  Dunne v. Penna. R. R. Co., 249
Pa. 76.

OPINION BY ORLADY, P. J., October 9, 1916:
The plaintiff was employed as an assistant craneman
in the defendant's mills, and after working for two days,
he informed his mill foreman that a controller at the
electric crane he was operating was loose, when, as he

testified, he was directed by the foreman "to go over there and saw a couple of blocks to fit." In the shipping yard, about 50 yards distant from this mill, there was located a 30-inch circular saw, mounted on a raised platform, on which timber was sawn into proper shapes for making fast or blocking heavy articles or railroad cars, so as to make them secure. He was not accompanied by the foreman, nor were any directions given to him as to where he would secure the blocks or how he should operate the saw.

His own testimony is controlling in determining his right to recover. He states that, he was not familiar with the use of a saw; never having seen or used a circular saw, nor any person operate one; he did not know how to start it, as it then stood at rest, and there was no operator present; he thought it was dangerous, and requested a foreigner whom he did not know "to saw the wood for him." The saw and platform were so arranged, that the blocks to be sawn would be held stationary and the saw brought forward by the operator, by means of a crank in front of the platform. It was hooded when it stood at rest so as to protect it, and to prevent a person from coming in contact with it, but was not guarded by a hood or guard when it was in use on the platform. On the wall and near to the saw, there was prominently displayed a sign as follows, "Notice, only an authorized operator to use this saw." While the plaintiff testifies that he did not see this sign or notice, and is supported by the testimony of another witness, their negative statements are so overwhelmingly contradicted by the positive and direct testimony of many other employees, and by a photograph of the place, that it must be considered as established that the sign was there, and this fact is frankly conceded by his counsel in his argument, who urges however, that because the plaintiff had been sent there by the mill foreman, "he had no reason to look for a sign." He was as positive in saying that he did not see a large scantling that was on the platform, or the

wheel used to operate the saw, both of which were admittedly before his eyes.

Upon the refusal of the man on the platform to saw the blocks for him, and who told him to "go ahead," and turned on the electric current to start the saw, the plaintiff personally selected a block, about 12 inches square and two inches thick, placed it on the platform with the corner turned toward the saw, intending to cut the block diagonally and make two triangular shaped pieces. While pushing the wood against the saw, instead of pulling the saw toward the block, as it was intended to be used, it "cut through quick, throwed the short end of the wood on the edge and he had his hand on so that the hand was thrown high up against the saw," and injured.

Giving his testimony the most favorable construction, it is clear that he attempted to use an admittedly dangerous appliance, without knowledge or experience, and in defiance of the employer's notice to not do so. He acted upon his own judgment in experimenting with a known danger, without inquiring as to the manner in which he should do the work. While he did not receive cautionary notice from the foreman as to danger in using the saw, such a notice would not have added to his knowledge of the danger which he admits he had. The suggestion to "go ahead" did not come from a foreman, but from an unknown and unauthorized fellow servant.

The defendant recognized the danger incident to an unskilled operator using the saw, by posting a proper notice at the proper place, intending to avoid the very danger the plaintiff voluntarily assumed. The alleged direction of the mill foreman—to go over there and saw some blocks—would not justify the plaintiff in ignoring the employer's notice, the danger being so well known and obvious that he used the saw at his peril. Moreover, the mill foreman was not at the saw, but fifty yards distant therefrom.

Under the admitted facts it is not material, that the saw was not hood-guarded when out of its recessed shield.

This was the view taken by the learned trial judge in saying,—"the question of the negligence of the company is merely the question of whether this young man was sent there to do this sawing." This does not go far enough, in view of his inexperience and admission of the known danger facing him, he could not recklessly act on such an indefinite direction, even if given. The rule to govern under such conditions is stated in Flaherty v. McClintic-Marshall Construction Co., 243 Pa. 580. He knew the danger incident to the service as well as his employer, and, therefore he assumed the risks arising from such dangers. A servant assumes the risks naturally and reasonably incident to his employment, and all risks of a hazardous and perilous employment of which he has knowledge and comprehends. If the master engage his service for a hazardous employment and he does not know by observation or experience of the perils attending it, the master is responsible for any injuries resulting from the risk, but this rule has no application where the servant has full knowledge of his dangerous position, and he knows as well how to avoid the danger as his master." While this is a statement of the rule governing employment and general service, the principle is equally applicable to particular or special acts: Dugan v. Susquehanna Coal Co., 241 Pa. 565; Coffee v. Monongahela Ry. Co., 243 Pa. 433.

A jury cannot be permitted to find anything negligence which is less than failure to discharge a legal duty: Politowski v. Burnham, 214 Pa. 165. While an order or emergent direction as regards a matter of safety, may be given from time to time, where the employer, who is not present, posts an unequivocal notice, to do or not to do a particular thing, as in this case, it cannot be ignored by an employee who faces it while taking such a risk, as this plaintiff admits that he assumed. The controlling facts are either admitted or established by undisputed testimony, and the only reasonable inferences to be based on them are such as made it the duty of the court to de-

clare the law applicable to them: Gudfelder v. Pittsburgh, Etc., Ry. Co., 207 Pa. 629; Coolbroth v. Penna. R. R. Co., 209 Pa. 433.

The necessity for strict adherence to this rule is apparent in this case. While we have disposed of it on the plaintiff's testimony alone, every material fact alleged by him was denied by a number of witnesses called by the defendant. The verdict returned by the jury was so manifestly excessive, that the trial judge reduced it by one-third the amount. We feel that the motion for judgment non obstante veredicto should have been sustained; and for the reasons above given the judgment is reversed.