## Bowman *v.* Woolworth, Appellant.

*Negligence—Master and servant—Contributory negligence—Falling of cellarway door.*

In an action by an employee against an employer to recover damages for personal injuries sustained by the falling of a cellarway door which struck him on the head, the plaintiff is not entitled to recover because of his contributory negligence where it appears from the evidence offered by plaintiff that the doors when opened stood perpendicular upon their hinges which were rusty, without being fastened in any way, that the plaintiff knew of the condition of the doors, that he had seen them every day for three weeks before the accident, and that notwithstanding this knowledge he took a place on the cellar steps beneath the doors when a breeze was blowing, and received in consequence the injuries for which he brought suit.

Argued Jan. 7, 1908. Appeal, No. 206, Jan. T., 1907, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. Term, 1905, No. 4,171, on verdict for plaintiff in case of J. Joseph Bowman v. F. W. Woolworth & Co., a corporation. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BRÉGY, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $8,500. Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*Frank P. Prichard*, with him *James Wilson Bayard*, for appellant.—On the uncontradicted evidence a verdict for appellant should have been directed: Welch v. Carlucci Stone Co., 215 Pa. 34; Wilkinson v. Mfg. Co., 198 Pa. 634; Zeilmann v. McCullough, 214 Pa. 27; Taylor v. Penn Steel Castings & Machine Co., 217 Pa. 269; Boyd v. Harris, 176 Pa. 484; Masterson v. Eldridge, 208 Pa. 242.

*Morton Z. Paul*, with him *J. Henry Radey Acker*, for appellee.—The negligence of appellant was properly submitted to the jury: Lillie v. American Car & Foundry Co., 209 Pa. 161; Lee v. Electric Light, etc., Co., 140 Pa. 618; Garrity v. Casting & Machine Co., 17 Pa. Superior Ct. 623; Wilkinson v. Evans, 34 Pa. Superior Ct. 472.

The question as to whether the appellee was guilty of contributory negligence was properly submitted to the jury: Mortimer v. Beaver Valley Traction Co., 216 Pa. 326; Iseminger v. York Haven Water & Power Co., 206 Pa. 591; Beil v. Cement Co., 218 Pa. 472; Esher v. R. R. & Mining Co., 28 Pa. Superior Ct. 387; Plank v. Jessop, 178 Pa. 71; Garrity v. Penna. Casting, etc., Co., 17 Pa. Superior Ct. 623; Patterson v. R. R. Co., 76 Pa. 389; Schiglizzo v. Dunn, 211 Pa. 253; Schall v. Cole, 107 Pa. 1; Bannon v. Lutz, 158 Pa. 166; O'Rourke v. Chimney Construction Co., 21 Pa. Superior Ct. 52.

OPINION BY MR. JUSTICE BROWN, April 20, 1908:

The facts in this case are not in dispute. When the plaintiff rested on the trial below the defendant asked that a verdict be directed in its favor. This was refused. The case then went to the jury without any evidence on the part of the defendant, and the verdict was for the plaintiff. The first contention of the appellant is that, on appellee's own testimony, taken in connection with that of Albert Harwick, the only other witness who testified as to the accident, a recovery ought not to be permitted.

At the time the appellee was injured he was in the employ of the appellant, which conducted a store on Market street, in the city of Philadelphia. The building occupied by it extended back from Market street to another street, where there

were three cellarways through which freight was taken into and from the cellar. Over one of these cellarways there were two cellar doors, one opening to the east and the other to the west. To the base of the window immediately above these cellar doors there was attached what was called a ceiling cellar door. At times the opening covered by the cellar doors was not large enough to receive the freight, and the ceiling door would then be pushed inward and fastened to the ceiling, making the opening larger. On the day the appellee was injured the ceiling door had been so fastened on the inside, and, after the freight had been received, he stood on the cellar steps to unfasten it and let it down to its place. While standing there one of the cellar doors fell, striking him on the head and causing the injuries for which he seeks compensation in this suit. The cellar doors when opened stood upright, at right angles to the pavement, inclining neither way. There was nothing to hold them in place when they were in this vertical position. According to the testimony of Harwick, they stood upright, apparently from the rust on their hinges. The only evidence as to what caused the one to fall was the testimony of this witness, that the wind blew it down.

Harwick testified that about a week before the accident he told appellant's assistant manager that the cellar door which fell upon the appellee was in a dangerous position when open; that it needed fastenings to hold it up, or it would endanger anyone, if not careful, who went down the cellarway, as he had seen it fall. The appellee admitted that he knew there was nothing to hold the door in place when open; that he had seen the doors every day for three weeks before the accident, and during all that time there was nothing to hold them back when open. With this knowledge that the cellar doors stood upright without anything to hold them, he took a place on the cellar steps beneath them, when a breeze was blowing against them, and the jury were permitted to find that he was not guilty of contributory negligence when he was injured.

The danger to which the appellee was subjected was not a latent one. On the contrary, he and his witness both testified that they knew there was nothing to support the doors when standing upright. In Welch v. Carlucci Stone Co., 215 Pa. 34, we said: "All persons are presumed to know the law of

gravitation ; " and this unfortunate appellee—at the time of
the accident twenty-two years of age—is certainly presumed
to have known that if he took a place on the cellar steps, with
the cellar doors standing upright on their hinges and with
nothing to hold them, they would fall before the force of a
breeze blowing against them.   The case as presented by the
appellee himself was one of disregard of danger with which
he knew he was confronted, and the law will not, therefore,
hold his employer liable for the injuries he sustained.

The submission of the case to the jury was inconsistent
with proper instructions given them in the charge, and we
are at a loss to understand why a verdict was not directed
for the defendant in view of the following words of the trial
judge, in referring to what the appellant alleged was the
contributory negligence of the appellee : " Did he know they
were there ?   I mean did he know the doors were in that po-
sition, because, as I have said, if they were not in that posi-
tion, his case is not made out—but suppose they were in the
position claimed by the plaintiff, standing upright, did he
know it ?   You have heard what has been said upon that
subject.   You have heard the testimony here as to where it
was, that it was outside the building.   You have heard about
his employment, it not being his employment to open doors,
but to work around about them.   Do you think he knew
those doors stood up that way ?   If he did not know, do
you think any man of ordinary prudence ought to have
known, because if either of those two things exist—he did
know, or ought to have known, or, to put it in another way,
if he did not know his want of knowledge was due to his own
want of proper investigation—in other words, if you think it
was a thing he ought to have looked at before he worked
around that cellar door, or put his head where he did in pull-
ing down what he called the ceiling door—if that was the
condition of affairs, that he either did know, or ought to have
known, from his working there, then he would be guilty of
contributory negligence, and he would have no right to re-
cover."

The appellee knew the doors were there, for he said he did.
He knew they were open, for if they had been closed he could
not have stood on the cellar steps with his head above the sur-

face of the pavement, and he knew there was nothing to hold them back, because he so testified.    In his examination in chief he testified as follows : " Q. Did you touch the door in any way ? A. No, sir;" and on cross-examination : " Q. How did you know there was nothing there to hold the doors back ?    A. I know it.    I never saw anything there, never saw anything there at all.    Q. How long had you been there ?    A. About three weeks.    Q. How often had you seen the cellar doors ? A. Every day.    Q. During all that time there had been nothing there to hold them back ?    A. No, sir."    The witness who saw the door fall testified that while the appellee was standing on the cellar stairs a breeze was blowing, and the wind blew the door down from its vertical position.    What this witness saw the appellee must have seen ; and he must have known, too, that the wind was blowing against the unsecured door.    No case could more forcibly illustrate the wisdom of the rule that when but one inference can be drawn by all reasonable minds from admitted facts, it is for the court to draw it, for in the teeth of evidence which the jury were instructed would make the appellee guilty of contributory evidence, there was a finding that he was not.    It is not without reason that counsel for appellant say the jury were permitted to find for the appellee if they believed the facts to be directly contrary to the evidence.

As appellee has no cause of action against the appellant, the other two questions raised by it need not be passed upon. The first and second assignments of error are sustained, the judgment is reversed and is now entered for the appellant.