## Byers, Appellant, *v.* Youghiogheny & Ohio Coal Company.

*Negligence—Master and servant—Unguarded platform and stairway— Risk of employment—Nonsuit.*

In an action by an employee of a coal company against his employer to recover damages for personal injuries caused by a fall from an unguarded platform and stairway, a nonsuit is properly entered where the evidence shows that the dangerous condition of the platform and stairway was open and obvious to every one, that the plaintiff and the other employees of the defendant had used them for months, and that the plaintiff had continued to use them after his request that a guard rail should be installed had been refused.

Argued Oct. 19, 1910. Appeal, No. 49, Oct. T., 1910, by plaintiff, from order of C. P. No. 3, Allegheny Co., Nov. T., 1906, No. 147, refusing to take off nonsuit in case of Kramer Byers v. Youghiogheny & Ohio Coal Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, KENNEDY, P. J., filing the following opinion:

It is perfectly plain that the plaintiff in this case as-

sumed the risk of his employment. Several other reasons were given in support of a motion to grant the nonsuit, but it seems necessary to consider only this one mentioned.

The plaintiff, before the accident, had been for some-time in the employ of the defendant company as a carpenter, as well as to do other work, and, at the time of the accident, was engaged about a tipple, which he had helped to build, at what was called the Howe mine of the defendant. From the top of this tipple down to the railroad track below were pairs of steps, used by the plaintiff and other employees in ascending and descending. Between two pairs of these steps was a platform, used in going from one pair of steps to the next, and the negligence complained of by the plaintiff is the defendant's failure to supply and put in place a hand rail or guard rail along the side of the steps and the platform. These steps and this platform were built by carpenters of the defendant while the plaintiff was there, and had been in use by the plaintiff and other employees of the defendant company, to the number of hundreds, for many months before the accident. The absence of the guard rail was plain to the notice of all, and the danger, if any, therefrom, was obvious. Not only this, but the plaintiff himself, not considering it safe, as he states, requested the head carpenter of defendant to put up a guard rail: the answer was that the company declined to do it. On the morning of the accident, the plaintiff was called by the mine foreman up to the top of the tipple, to answer some questions or receive some information, after which he started to go down to the railroad track below, going by way of these steps and platform, and upon reaching the platform mentioned and passing over it to the head of the next pair of steps, he stepped upon a loose lump of coal, which turned under his foot, and he slipped or fell down the next pair of steps and was injured. Notwithstanding the fact that the absence of the railing, and danger, if any, were obvious, and although the plaintiff considered it unsafe, as shown by his request for a railing, which was refused, he continued,

along with many others, to use the steps and platform from August of 1905 until March, 1906, when the accident occurred. No argument is needed to show that he assumed the risk of his employment.

The motion to take off the nonsuit is refused.

*Error assigned* was refusal to take off nonsuit.

*W. T. Tredway*, for appellant, cited: Bennett v. Glass Co., 158 Pa. 120; Patterson v. R. R. Co., 76 Pa. 389; Reese v. Clark, 198 Pa. 312; Williams v. Clark, 204 Pa. 416; Ely v. R. R. Co., 158 Pa. 233; Van Steuben v. R. R. Co., 178 Pa. 367; Brownfield v. Hughes, 128 Pa. 194; Valjago v. Steel Co., 226 Pa. 514; Stehle v. Machine Co., 220 Pa. 617; Jones v. Caramel Co., 225 Pa. 644; Gulla v. Coal Co., 28 Pa. Superior Ct. 11.

*B. J. Jarrett*, with him *Willis F. McCook*, for appellee, cited: Wilson v. R. R. Co., 222 Pa. 341.

PER CURIAM, January 3, 1911:

The judgment is affirmed on the opinion of Judge KENNEDY.