# Flaherty, Appellant, *v.* McClintic-Marshall Construction Company.

*Negligence—Master and servant—Dangerous employment—Obvious danger—Reliance on master's judgment—Assumption of risk.*

1. A servant assumes the risks naturally and reasonably incident to his employment of which he has knowledge and comprehension. If his master engage his services for a hazardous employment and he does not know by observation or experience of the perils attending it, the master is responsible for any injuries resulting from the risk, but this rule has no application where the servant has full knowledge of his dangerous position and knows as well how to avoid the danger as his master. If he accept the hazardous employment under such circumstances, he assumes the risk incident to the service.

2. The rule that the servant has a right to rely upon his master's judgment and may recover for the injuries he sustains while in the performance of his work has no application where the danger is immediate and imminent and the plaintiff knows the fact.

3. In an action against an employer, a construction company, for damages for personal injuries resulting from plaintiff's being overcome by gas while working upon the roof of an electric blast furnace not owned or operated by defendant, the plaintiff will be held to have assumed the risk where it appears that he had continued his work for three days after he knew of the presence of

the gas and its effect upon him, and that the conditions were dangerous; that during this period he had frequently been forced to stop work on account of the gas; that defendant's agent had told him that he could work there only for half an hour at a time, and that he had also been notified by other workmen of the danger; and that the defendant was not operating and had no control over the blast furnaces and was not responsible for the presence of the gas.

4. In such a case the plaintiff is not relieved from the imputation of the assumption of risk by the fact that as soon as he smelled gas he had come down and told his boss, and the latter had said that it was not dangerous and that he could work up there for half an hour at a time, and that later he twice again complained and was told to continue, that it would not hurt him.

Argued Nov. 6, 1913. Appeal, No. 269, Oct. T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., Fourth T., 1908, No. 754, for defendant n. o. v., in case of John Flaherty v. McClintic-Marshall Construction Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before COHEN, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $6,500.

The court subsequently directed judgment to be entered for the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the order of the court.

*L. K. Porter,* for appellant.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1914:

The plaintiff was a bridge builder and structural iron

worker of many years' experience. At the time he was injured he was employed by the McClintic-Marshall Construction Company which had the contract for the construction of the steel work and the corrugated roofing of the cast houses and the buildings around the two new furnaces of the Republic Iron and Steel Company in the City of Youngstown, Ohio. The furnaces were in operation while the work was being done by the construction company. On Monday, October 16, 1906, the plaintiff and his helper went to work at riveting into place a galvanized iron ridge cap attached to one of the blast furnaces. He was what was known as a "bucker up" and his helper was a "sheeter." The latter put the rivets through the sheeting from the outside and the plaintiff put the nuts or burrs on the rivets on the inside. He and the sheeter were working about sixteen feet above the ground on a temporary scaffold. While thus engaged at his work on October 18th, the plaintiff was overcome by fumes of gas, and fell from the scaffold upon a hot gas pipe which burned him severely.

He alleges in his statement that he was overcome by the fumes of gas which were negligently and carelessly permitted to escape from the furnaces in the building in which he was working causing him to lose consciousness and fall from the trestle upon a hot pipe by which he was burned; that his injuries were caused by the negligence of the defendant company in permitting gas to escape in the building in which he was working when it knew or should have known that the presence of gas was dangerous to the life of the plaintiff and other employees, and that the defendant was negligent in failing to give the plaintiff sufficient warning of the dangers incident to his work while the gas was escaping.

The work was being done by the defendant company while the blast furnaces of the Republic Iron and Steel Company were in operation and the gas came from the furnaces. The defendant had nothing to do with or control over the operation of the furnaces and the presence

of the gas there was as well known to the plaintiff as to the defendant company. He began work on Monday, October 16th, and continued until he was injured on the following Wednesday morning. He testifies that he began work at eight o'clock on Monday morning and after he had worked fifteen minutes he smelled gas and came down to get some fresh air. He told his boss that the gas was escaping, that he smelled it, and that he thought it better to come down from the place he was working as he thought it was dangerous. The boss told him it was not dangerous, to go ahead, that he could work up there for half an hour at a time. He continued his work during Monday, working fifteen minutes at a time and then leaving the place for ten minutes. On Tuesday morning when he went to work he found the same conditions and informed the boss who again told him to continue his work, that it would not hurt him. He resumed the work and continued at the same intervals throughout Tuesday. On Wednesday morning he started to work again when he found the same difficulty and advised his boss of it who told him he had better go back to work again. He did so and before he had worked ten minutes the accident happened.

On cross examination the plaintiff admitted that he knew of the presence of the gas in the place he was working, that some one had told him that by reason of the gas it was dangerous for him to work there, that on Monday he was overcome by gas and was helped down from the platform by two men, that on Monday and Tuesday he would leave his place of work at intervals of fifteen minutes and get the fresh air for ten minutes, and that he was advised by the other workmen that he should not persist in working too long at any one time.

It is conceded that the defendant had nothing to do with permitting or prohibiting the escape of gas from the blast furnaces as they were operated by the Republic Iron and Steel Company. It is also clear from his own testimony that the plaintiff knew of the presence of gas

at least as soon as he entered the place to begin work, that he knew it was dangerous, and that he continued to work for two days with such knowledge. In fact, his own evidence shows that he was warned of the danger of remaining on the platform too long at any one time, and that he acted upon that information by descending from the place he was working and going into the open air about every fifteen minutes. There was, therefore, no necessity for his employer to notify him of the presence of the gas or the dangers arising from it. He knew the dangers incident to the service as well as his employer, and, therefore, he assumed the risks arising from such dangers. A servant assumes the risks naturally and reasonably incident to his employment and all risks of a hazardous and perilous employment of which he has knowledge and comprehends. If his master engage his services for a hazardous employment and he does not know by observation or experience of the perils attending it, the master is responsible for any injuries resulting from the risk, but this rule has no application where the servant has full knowledge of his dangerous position and knows as well how to avoid the danger as his master. If he accept the hazardous employment under such circumstances, he assumes the risk incident to the service. In the case in hand, the plaintiff knew within ten or fifteen minutes after he began his work on Monday morning of the presence of gas and the effect upon him. He knew that by reason of the gas the place was dangerous if he remained there too long at any one time. He knew that his safety required him to leave the work every quarter of an hour and go into the open air. With this knowledge he continued to work for two days before he was overcome by the gas and received his injuries. He must be regarded as having assumed the risks arising from the presence of the gas at the place he was working.

The plaintiff claims and so testified that he continued his service under the direct orders of the defendant's

agent and his assurance that it was not dangerous. His counsel contend that under these circumstances he is relieved from any imputation of the assumption of risk by reason of his knowledge of the danger from escaping gas, and invokes the well known rule that the servant has a right to rely upon his master's judgment and may recover for the injuries he sustained while in the performance of his work. That rule, however, can have no application here because the danger was immediate and imminent and the plaintiff knew the fact. There was no promise given by the defendant's agent that the dangerous conditions existing there would be changed, nor was there any expectation on the part of the plaintiff that the defendant company would or could remove the danger to him and his helper caused by the presence of gas. The defendant was not operating, and had no control over, the blast furnaces, and hence was not responsible for the presence of gas at the place the accident occurred. The plaintiff, therefore, did not continue his work by reason of any promise or inducement of any change in existing conditions at the place he was injured. On the contrary, from the plaintiff's own testimony the defendant's agent told him that he could only work there for half an hour at a time, thereby giving him notice of the danger to be apprehended. As already suggested, however, the plaintiff admitted that he had been notified of the dangers of the position by other workmen engaged at the place. It is clear from his own testimony that the defendant's agent did not mislead him as to the danger arising from the escape of the gas, and that he did not rely upon the agent's statement as to the conditions existing at the place he was at work. He assumed the risks incident to the hazardous employment and hence cannot recover in this action.

The judgment is affirmed.