## Betcher *v.* Rinaman, Appellant.

*Negligence—Master and servant—Dangerous place to work—Assurance of safety.*

In an action by an employee against his employer to recover damages for personal injuries sustained while the plaintiff was at work in the construction of a road, a verdict and judgment for the plaintiff will be sustained where the evidence tends to show that at the time of the accident the ground was frozen; that a portion of the surface remained hanging over the place where plaintiff was at work; that on the day of the accident plaintiff told defendant that it was not safe to work there because of the overhanging soil; that defendant replied that he thought it was safe, and that plaintiff should go ahead and work; and that later in the day a quantity of earth gave way and fell upon plaintiff injuring him.

Argued May 3, 1916. Appeal, No. 83, April T., 1916, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 158, on verdict for plaintiff in case of Walter F. Betcher v. Joseph Rinaman. Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $771. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*F. W. Stonecipher,* with him *Geo. H. Quaill,* for appellant: One who continues in an employment he knows to be dangerous, assumes the risk of any accident that may result therefrom: Talbot v. Sims, 213 Pa. 1; Jones v. Burnham, 217 Pa. 286; Wochner v. Pa. Engineering Works, 251 Pa. 188; Webster v. Monongahela River C. C. & C. Co., 201 Pa. 278; Foster v. National Steel Company, 216 Pa. 279; Ceen v. Cramp & Sons, 249 Pa. 415; Welch v. Carlucci Stone Co., 215 Pa. 34; Nuss v. Rafsnyder, 178 Pa. 397; Rinehuls v. Ely, 242 Pa. 537; Bowman v. Woolworth, 220 Pa. 527.

*Thos. M. Marshall, Jr.,* with him *Thos. M. Marshall,* for appellee.—The case was for the jury: Moleskey v. South Fork Coal Mining Co., 247 Pa. 434; Williams v. Clark, 204 Pa. 416; Garrison v. Armstrong, 248 Pa. 402; Reese v. Clark, 198 Pa. 312; Glew v. Pittsburgh Rys. Co., 234 Pa. 238; Texas & Pacific R. R. Co. v. Howell, 224 U. S. 577; Glass v. College Hill Borough, 233 Pa. 457.

OPINION BY TREXLER, J., July 18, 1916:

The defendant was taking out small stones from the side of a hill for the purpose of building a private road and the plaintiff, with others, was working for him. It was cold and the ground was frozen. As they proceeded with the work, a portion of the surface remained hanging over the place where the workingmen were taking out the stone. The portion overhanging extended in breadth about five feet and in the morning of the day of the accident plaintiff told defendant it was not safe to work there because of the overhanging soil. Defendant replied that he thought it was safe and that plaintiff should go ahead and work. Later in the day a quantity of earth gave way and fell upon plaintiff, breaking his leg.

Defendant relies upon the case of Welch v. Carlucci Stone Co., 215 Pa. 34, but we think the case at bar is distinguishable from that. In that case the injury oc-

curred while plaintiff was taking the earth from under a large stone and of course the result inevitably followed that the stone fell.   Any person of ordinary intelligence could anticipate such result.   In the case before us, the overhanging earth was frozen.   It is true that every one is supposed to know the action of gravity but an inexperienced man may not know the extent that a solid mass of frozen soil may resist this force.   The projecting ledge which fell upon this plaintiff was not formed under ordinary conditions.   The plaintiff did not rely upon his own judgment but having called the attention of his superior to the danger, he relied upon the judgment of his employer and at his direction continued to work.

In the case of Moleskey v. So. Fork Coal M. Co., 247 Pa. 434, the accident was caused by the roof of a mine falling down and necessarily the effect of gravity was a controlling question in determining the presence of danger.   It was held that the danger was not so apparent to the employee as to forbid his relying upon the judgment of his superior.   In that case notwithstanding the fact that plaintiff had been employed in the mining of coal for twenty-five years, a recovery was allowed.

In the case at bar, the fall of the frozen earth was not inevitable.   This is a case where, after the employee suggested the danger, his superior said something which led him to believe that his fears were not well founded so that he took and acted upon the latter's judgment and obeyed the orders to proceed with the work notwithstanding the apparent danger: Crimmins v. Farquhar, 250 Pa. 569.   As was said in Moleskey v. So. Fork Coal M. Co., supra, "the employee did not know the rock would fall and that no one, not even the superintendent, could determine definitely what would happen.   Under all the circumstances we cannot declare as a matter of law that the plaintiff was guilty of contributory negligence so as to preclude a recovery."

The cases relied upon by appellant have features which distinguish them from the one we are considering.   We

have already commented upon the case of Welch v. Carlucci Stone Co., supra. We might add that in that case the plaintiff did not call his employer's attention to any danger, nor receive any assurances of safety in prosecuting the work. The case of Bowman v. Woolworth, 220 Pa. 527, the condition of the cellar doors referred to in that case was known to the plaintiff, had been for three weeks before the accident and any one with ordinary powers of observation would know that when the doors were open and the wind blowing, the doors would be likely to fall. In the case of Flaherty v. McClintic, Etc., Construction Co., 243 Pa. 580, the plaintiff was overcome with gas while working upon the roof of an electric blast furnace. He continued the work although he knew of the presence of gas and its effect upon him and though he knew conditions were dangerous and he had frequently been compelled to stop on account of them. In Byers v. Y. & Ohio Coal Co., 230 Pa. 10, plaintiff knew of the dangerous condition of a platform and stairway and had requested defendant to guard them but notwithstanding the patent danger which required no experience to apprehend, had continued to use them.

The assignments of error are overruled and the judgment is affirmed.