# McMennimen, Appellant, v. Lehigh Valley Coal Company.

*Negligence—Master and servant—Vice-principal—Obvious danger—Assumption of risk—Proof of negligence—Nonsuit.*

1. Where the danger which attends an employee's operation is obvious, he assumes the risk.

2. Where the evidence fails to establish a specific act of negligence on the part of a track boss to which the injury can be attributed, the question whether or not the track boss was a vice-principal is unimportant.

3. In an action by a widow against her deceased husband's employer to recover damages for the death of the husband, a nonsuit was properly entered where it appeared that the decedent was a skilled mechanic employed by defendant about an inclined plane by which cars were elevated from the pit of a mine to the breaker; that on the day of the accident a car on such incline became derailed and decedent and other workmen under the direction of a track boss attempted to replace it; that the car, at the suggestion of some of the workmen was moved up the incline and there snubbed upon a hook intended to hold cars, there being another car, standing on the incline below it; that in the effort to put the car on the track the hook slipped for some unexplained reason and the car rolled back and crushed decedent against the car below; and where it further appeared that there was available proper equipment to hold the car safely in place, and that the car below could have been removed to a safe distance if this had been deemed necessary, but that the method pursued was customary in such cases, and it did not appear that it was unsafe.

Argued Feb. 12, 1917. Appeal, No. 186, Jan. T., 1916, by plaintiff, from order of C. P. Schuylkill Co., July Term, 1915, No. 60, refusing to take off nonsuit in case of Anna McMennimen v. The Lehigh Valley Coal Company. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before BECHTEL, P. J.

The facts appear by the opinion of the Supreme Court.

The court directed a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was the refusal to take off the nonsuit.

*Edward J. Maginnis,* with him *William Wilhelm,* for appellant.—The failure of the person "superintending or directing the work" to adopt a proper method for doing the work raises a question of the principal's negligence which must be submitted to the jury: Rauhauser v. York

Mfg. Co., 50 Pa. Superior Ct. 506; Mingak v. Vesta Coal
Co., 51 Pa. Superior Ct. 584; Kelly v. Henry Bower
Chem. Mfg. Co., 239 Pa. 555; Sage v. Lehigh Valley R.
R. Co., 241 Pa. 49; Reese v. Jones & Laughlin Steel Co.,
243 Pa. 336; Counizzarri v. Snyder, 252 Pa. 377.

The defendant failed in its duty to furnish reasonably
safe appliances: Morrison v. South Penn Oil Co., 247 Pa.
263; Skelley v. Crutchfield, 17 Pa. Superior Ct. 198;
Kehler v. Schwenk, 151 Pa. 505; Butterman v. McClin-
tic-Marshall Const. Co., 206 Pa. 82; Bonner v. Pitts.
Bridge Co., 183 Pa. 278; Toward v. Meadow Lands Coal
Co., 229 Pa. 553; Kepler v. Lackawanna Lumber Co.,
209 Pa. 244.

*Daniel W. Kaercher,* for appellee.—The nonsuit was
properly entered: Payne v. Reese, 100 Pa. 301; Miller v.
Republic Chemical Co., 251 Pa. 593; Solt v. Williams-
port Radiator Co., 231 Pa. 585; Iams v. Hazel-Atlas
Glass Co., 251 Pa. 439; Fritchle v. Steel City Elec. Co.,
251 Pa. 513; Feeney v. Abelson, 49 Pa. Superior Ct. 163;
Meyers v. Jones & Laughlin Steel Co., 64 Pa. Superior
Ct. 530.

OPINION BY MR. JUSTICE POTTER, March 19, 1917:

In this action of trespass, the plaintiff sought to re-
cover damages for the death of her husband, charging
it to negligence for which the defendant was responsi-
ble. From the opinion of the court below we gather
the facts as follows: The husband of the plaintiff was
employed at Packer No. 4 colliery of the Lehigh Val-
ley Coal Company. On the day of the accident he was
engaged in helping to replace upon the track of an in-
clined plane, a coal car which had become derailed.
Small cars were used to convey the coal to the breaker,
being hoisted up an outside plane by an endless chain
on which were a series of hooks slightly curved at the
end, which fastened behind the front axle of the cars.
Safety catches were provided, the first one being some
twenty-one feet up the plane, with a triple safety catch at

the bottom of the plane. Extending slightly over the latter, at the time of the accident, a car was standing. Another car jumped the track at the foot of the plane, just in front of the standing car. One McIntyre, whose official title seemed to be track boss, gathered some men, including McMennimen, plaintiff's husband, who was the boss carpenter, and attempted to replace the car. The men worked together at this task, the boss using a jack and several other appliances, but, failing in their efforts, it was suggested, by whom it does not appear, that if the car were drawn a short distance up the plane the task would be easier. This method was pursued. It was not shown who gave the orders to the engineer to raise the car, but, after it had been advanced some six feet, another attempt was made to get it on the rails. This was done by several of the men swinging the rear of the car, while other men pushed at the front end, endeavoring to swing it over the guard rail onto the track. During this effort the axle in some unexplained way came out of the hook on the endless chain, the car ran backward the six feet to the bottom of the plane, collided with the car that had been left standing over the triple catch, and plaintiff's husband was caught and killed.

Upon the trial, at the close of plaintiff's evidence, a compulsory nonsuit was entered, and, from the refusal of the court to take it off, plaintiff has appealed. Her counsel contend that the track boss, McIntyre, as the representative of defendant, "was in charge of, directing and superintending the work of replacing the car upon the track; and that he was negligent in not securing the car in a reasonably safe manner so that if the chain hook slipped, the car would not plunge back down the plane." It appears from the evidence that there was a chain at the head house which the men might have used if they had seen proper to do so. But plaintiff's witness, O'Donnell, testified that the men frequently put cars on the track in the way they were attempting in the present instance. Sometimes they used the chain and levers. There was no evidence that the method now in ques-

tion was unsafe. Nor was it shown by whose orders this method was adopted. It appears to have been done by common consent of the workmen. "Some one of the crowd" suggested it. The defendant cannot be held responsible for the failure of the men to use the chain. It was accessible, if they had thought its use would be helpful. At the time of the accident a car was standing partly over the lower safety catch. Had this car been moved further down, the descending car would have been stopped by the safety catch and the two cars would not have come in contact. But it is not alleged that it was negligence to leave the lower car where it was. Any of the men, including plaintiff's husband, could have moved the car back, if it had occurred to them to do so.

There was no evidence to support the averment that the hook slipped from the axle because it had become worn. On the contrary, plaintiff's witness, O'Boyle, testified that he could not explain how the hook happened to slip out and let the car run back. The attempt to replace the car upon the track was made in an ordinary way, and the slipping of the hook seems to have been an accident which no one was bound to foresee. Whatever danger may have attended the effort was obvious to plaintiff's husband. He was a skilled mechanic, he was familiar with the incline, and it was part of his duty to inspect it daily and to keep it in repair. He could see the other car standing a few feet away, with its bumper extending over the safety catch. He seems to have chosen his own position at the side and near the end of the car. The track boss, McIntyre, was not charged with committing any negligent act while he was coöperating with the other men in attempting to get the car back upon the track. He was charged with adopting an unsafe method of doing the work, but the evidence does not sustain the charge. Whether McIntyre be regarded as a vice-principal or not, is unimportant. The evidence fails to establish any specific act of negligence on the part of either McIntyre or the defendant company to

which the death of plaintiff's husband can be justly attributed.

The motion to take off the nonsuit was properly refused, and the judgment is affirmed.