# Stefanson *v.* Plymouth Borough, Appellant.

*Negligence—Boroughs—Death—Evidence of negligence—Statement of claim—Amendments—Act of April 12, 1858, P. L. 243.*

1. Evidence to the effect that a place was not a dangerous place in which to work, precludes the court from ruling, as a matter of law, that it was so dangerous as to require the workman to take notice of that fact.

2. A claim that a place was an obviously dangerous one in which to work, excludes a claim by the same party that there was no negligence in furnishing it as a place in which to work.

3. Where suit is brought in the names of the widow and children of a decedent, to recover damages for his negligent killing, the children's names may be stricken out at any stage of the proceedings, under the Act of April 12, 1858, P. L. 243.

Argued May 29, 1918. Appeal, No. 20, Jan. T., 1918, by defendant, from judgment of C. P. Luzerne Co., March T., 1916, No. 441, on verdict for plaintiff, in case of Annie Stefanson, widow of Elmer Stefanson, deceased, v. The Borough of Plymouth. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

1918.]     Statement of Facts—Opinion of the Court.

Trespass to recover damages for death of plaintiff's husband.   Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,528.50, and judgment thereon.   Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, in refusing to enter judgment for defendant n. o. v., and in permitting plaintiff to amend her statement of claim.

*Arthur H. James,* with him *Charles Kuschke,* for appellant.—The deceased was guilty of contributory negligence.

The deceased assumed the risks of his employment: Fricker v. Penn Bridge Co., 197 Pa. 442; Durst v. Carnegie Steel Co., 173 Pa. 162; Cisney v. The Penna. Sewer Pipe Co., 199 Pa. 519; McKinzie v. Philadelphia, 8 Pa. C. C. 293; Russell v. Hutchinson, 15 W. N. C. 482; Bowen v. Penna. R. R., 219 Pa. 405; Marsh v. W. N. Y. & P. R. Co., 204 Pa. 229; The Huntingdon & Broad Top R. R. Co. v. Decker, 84 Pa. 419.

It was error to permit the statement of claim to be amended: Haughey v. Pittsburgh Rys. Co., 210 Pa. 367; Marsh v. W. N. Y. & P. R. Co., 204 Pa. 229.

*Chas. B. Lenahan,* with him *John T. Lenahan,* for appellee.—The defendant was clearly negligent:  Weir v. Plymouth Borough, 148 Pa. 566; Counizzarri v. Snyder, 252 Pa. 377; Durst v. Carnegie Steel Co., 173 Pa. 162; Reese v. Clark, 198 Pa. 312; Williams v. Clark, 204 Pa. 416; Moleskey v. South Fork Coal Mining Co., 247 Pa. 434.

The amendment of the statement of claim was properly allowed: Holmes v. Penna. R. R., 220 Pa. 189.

OPINION BY MR. JUSTICE SIMPSON, July 17, 1918:
The defendant, the Borough of Plymouth, was engaged

in digging a trench preparatory to constructing a sewer in Parrish street in said borough. The work was in charge of the street commissioner. The trench was about two and a half feet wide and seven feet deep, and was not shored up or cribbed in any way. Parallel with the trench was a recently built water main, and the earth excavated from the trench was thrown up on the side adjoining the water main. Plaintiff's decedent had but lately become a laborer, had worked at the place only a short time, and had never before been in the trench. There was evidence that shoring or cribbing was necessary, that other workmen had noticed that the earth on the side of the trench towards the water main was showing signs of sliding into the trench; that they and also decedent had called the attention of the street commissioner to the matter, and the latter replied that the trench was safe and directed defendant to go to work therein; that he did so, and was killed by the sliding in and falling upon him of the earth on the side towards the water main. There was an immaterial difference of opinion as to whether the caving in was caused by the weight of the excavated earth on the bank between the water main and the trench, or by a leak from a water pipe leading from the water main to one of the houses abutting on the street.

The suit was originally brought in the names of the widow and children as plaintiffs, but after the verdict the record was amended to make the widow the sole plaintiff.

The trial judge refused defendant's point for binding instructions, and said to the jury that if they found the place was a dangerous one in which to work, but the danger was not so apparent and certain as to require decedent, in the exercise of reasonable care for his own protection, to refuse to work therein; or if, though doubtful on the subject, he was told by the street commissioner that it was all right and was directed by him to go therein, then plaintiff might recover. The verdict was

for the plaintiff, and from the judgment thereon this appeal was taken.

The assignments of error raise but two questions: 1st. Was the amendment proper? and 2d. Was defendant entitled to binding instructions? Appellant's oral and printed arguments limit the latter question to the inquiry: Was the danger so obvious that decedent was bound to notice it? It is impossible to understand how the trial judge could have so ruled as a matter of law, in view of the fact that defendant's expert witnesses, who saw the trench just before the accident, testified that it was not a dangerous place, and did not need shores or cribs. But, assuming that, though an unskilled laborer, decedent might have known the fact had he carefully examined the trench, it is very clear the trial judge could not have declared as a matter of law, under all the evidence, that it was so imminently dangerous as to require him to set up his judgment against that of the street commissioner, who had been doing this kind of work for years, and had been on this job from the beginning: Reese v. Clark, 198 Pa. 312; Moleskey v. South Fork Coal Mining Co., 247 Pa. 434. The argument of obvious danger also necessarily excludes a legal conclusion that the defendant was not negligent, even if that question had been argued, for how can a place be obviously dangerous to work in and there be no negligence in furnishing it as a place in which to work.

Nor was there any error in allowing the amendment of the statement of claim. It is true that under the Act of April 26, 1855, P. L. 309, the suit should have been originally brought, as by the amendment it was provided, in the name of the widow alone, the children's names being recited in the statement as those entitled to recover; but such an amendment is specifically provided for by the Act of April 12, 1858, P. L. 243, and it was not only error not to allow it, but would have been error to refuse it: South Easton v. Reinhart, 13 W. N. C. 389;

VOL. CCLXII—14

Holmes v. Penna. R. R., 220 Pa. 189; Sontum v. Mahoning, Etc., St. Ry. Co., 226 Pa. 230.

The assignments of error are overruled, and the judgment is affirmed.