## Reilly, Appellant, *v.* Philadelphia Suburban Gas & Electric Co.

Argued January 14, 1929. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Robert P. F. Maxwell,* with him *William G. Wright, George F. Blewett* and *Truman D. Wade,* for appellant. —The evidence as to defendant's negligence clearly required the submission of the case to the jury: Fitzpatrick v. Penfield, 267 Pa. 564; Dei v. Stratigos, 287 Pa. 475; Stefanson v. Boro., 262 Pa. 206.

The question of plaintiff's contributory negligence was for the jury and not for the court: Mumford v. Ship Repairing Co., 263 Pa. 573; Betcher v. Rinaman, 64 Pa. Superior Ct. 174; Stefanson v. Boro., 262 Pa. 206.

*A. M. Holding,* of *Holding & Harvey,* for appellee.— There was no proof of either express or constructive notice to the defendant of any defect or condition which

404

caused the wall to fall: Mardo v. Coal Co., 279 Pa. 209; Knopf v. Del. Co., 292 Pa. 237.

A workman is under no obligation to work, or to continue working, in a dangerous place of employment, if he does so, with an opportunity to observe the danger, and is injured, our Supreme Court has held that he cannot recover: Reese v. Clark, 146 Pa. 465; Zeilmann v. McCullough, 214 Pa. 27; Lee v. Dobson, 217 Pa. 349; Bowman v. Woolworth, 220 Pa. 527.

OPINION BY MR. JUSTICE WALLING, February 4, 1929:

While in defendant's employ on July 31, 1923, plaintiff's husband, James P. Reilly, was fatally injured, and this appeal by her is from a judgment of nonsuit entered in an action brought for damages thereby sustained.

For many years the defendant, Philadelphia Suburban Gas & Electric Company, maintained a plant at West Chester for the generation of electricity, wherein it had a number of coal burning boilers set in brick walls. Early in the year 1923, it decided to replace two of the boilers with oil burning furnaces. In making this change defendant removed the side walls and left a bridge wall, seven feet high, ten feet long and two feet thick, standing in front of one boiler. It had been attached to the side walls by rods, which were left loose, and the defendant's removal of a T beam from under the front edge of the bridge wall had also left it less secure. The latter wall was subjected to vibration from the operation of the plant and from railway cars passing near by. While the deceased was doing brick work in front of the bridge wall, on the date above mentioned, it fell upon him. It had stood ten days after the removal of the side walls and T beam and what caused its fall does not clearly appear. That it resulted from such removal might be an inference which a jury could draw. Whether so or not, it is unnecessary to decide, for the

trial court was clearly right in its action because of contributory negligence.

The deceased was a competent brick mason of thirteen years experience and was employed several weeks each year around the walls of boilers. In addition, he had for years done work around this plant and had been employed there off and on during the making of the improvements in question. The condition of the bridge wall standing unsupported by side walls, rods, or T beam, was open and obvious. There was no latent defect. No one knew better than he whether it was likely to fall. He was given no assurance that it was safe and did not request that it be braced. With full knowledge, or what is the same, full opportunity to know all the conditions, he voluntarily placed himself in a position of danger, as the sequel showed, and thereby assumed the risk. See Flaherty v. Construction Co., 243 Pa. 580; Eddleman v. Pennsylvania Co., 223 Pa. 318; Bowman v. Woolworth, 220 Pa. 527; Lee v. Dobson, 217 Pa. 340; Reese v. Clark, 146 Pa. 465. As stated by Mr. Justice Stewart, speaking for the court, in Schneider v. Phila. Quartz Co., 220 Pa. 548, 552: "A servant who has had full opportunity of knowing the danger and risk and makes no complaint to his employer as to the danger to which he is exposed, but continues to work voluntarily notwithstanding, assumes the risk of injury from the danger to which he is exposed." Where, as here, the danger was as apparent to the servant as to the master there can be no recovery: Zeilmann v. McCullough, 214 Pa. 27. An employee assumes the risk of an obvious danger: McMennimen v. Lehigh Valley Coal Co., 257 Pa. 259. Had the deceased been ignorant of the situation, a different question would be presented. See Stefanson v. Plymouth Boro., 262 Pa. 206, 208.

This phase of the case is not altered by the fact that the deceased was in the regular employ of his father, who supplied him and other workmen to the defendant,

for when on its premises he was under its control and for all practical purposes its employee. In view of our conclusion as above stated, it is unnecessary to determine whether the case came within the workmen's compensation statutes, or whether the defendant was negligent.

The judgment is affirmed.