## Platau v. Noxon, Inc.

*H. Weiner*, for plaintiff.
*J. W. McWilliams*, for defendant.

LAMBERTON, J., December 19, 1936.—This is an action in trespass by employe against employer. In the statement of claim it is averred that from March 1932 until July 1936 plaintiff was employed by defendant as a district sales manager; that on or about October 1, 1934,

and frequently thereafter, one Ralph Nottebaum, vice president and general sales manager of defendant, directed plaintiff to demonstrate to the trade the harmless, antiseptic and nonpoisonous qualities of Noxon Cleaning Polish, a product offered for sale by defendant, by applying the same upon his person and more particularly upon his teeth; that said Ralph Nottebaum gave said orders to plaintiff within the scope of his employment and in the course of the business of defendant, and stated to plaintiff that Noxon Cleaning Polish was nonpoisonous and harmless, and that its use upon plaintiff's person, more particularly his teeth, would not prove detrimental to his health or injure him in any way; that plaintiff used the aforesaid product in demonstration upon his teeth, in accordance with the instructions of said Ralph Nottebaum, until on or about March 3, 1936, when he was advised by the chief chemist of defendant corporation that said Noxon Cleaning Polish was harmful to the human body when used in the manner in which plaintiff had been ordered to use it; that, as the result of the use of said Noxon Cleaning Polish in the manner aforesaid, plaintiff suffered serious personal injuries, in that the muscles and tissues of his body were badly affected, he sustained a shrinkage of the jawbone, retraction of the gums, looseness of the teeth, impairment of the eyes, etc.; that said injuries were caused to plaintiff because Noxon Cleaning Polish was not harmless as said Ralph Nottebaum had represented, but in fact contained toxic poisons consisting of excess ammonia, methyl alcohol, and free oxalic acid.

Defendant has filed an affidavit of defense raising the following questions of law:

1. That the remedy of plaintiff, if any, is exclusively under the Workmen's Compensation Act of 1915.

2. That the statement of claim avers no acts of negligence upon the part of defendant.

3. That the statement of claim on its face shows that plaintiff was guilty of contributory negligence, and that

plaintiff cannot recover because he voluntarily assumed the risk.

Prior to the passage of the Workmen's Compensation Act of June 2, 1915, P. L. 736, an employe could recover damages from an employer for injuries caused by the negligence of the employer, subject to certain defenses we need not here detail. The Workmen's Compensation Act provides that an employe who receives injuries by accident in the course of his employment is entitled to compensation regardless of negligence, and, conversely, that an action at law cannot be maintained on account of such injuries. The workmen's compensation law provides the sole remedy in such case, but the act itself and the decisions thereunder make it clear that an employe is entitled to compensation only in case of an accident, and it is equally clear that the injuries in this case, if the facts are correctly recited in the statement of claim, were not the result of an accident. Therefore, if the facts be as pleaded, plaintiff is not entitled to workmen's compensation.

We cannot conceive that the legislature intended to take away from a workman his common-law right of action in a case such as this and substitute nothing in its place. Such a construction should be given to a statute only if the intent of the legislature be plain, and the wording of the Workmen's Compensation Act does not indicate such legislative intent. We are, therefore, of the opinion that in cases not covered by the Workmen's Compensation Act the common-law right of action of employe against employer is still available. For a full discussion of this matter see the opinion of Judge Alessandroni in Graszkowski v. White Brothers Smelting Corp., 18 D. & C. 438, the reasoning of which we approve and adopt.

The common-law duty of employer to employe is well set forth in the case of Wagner v. H. W. Jayne Chemical Co., 147 Pa. 475, 479, as follows:

". . . an employer is bound to exercise reasonable precaution against injury to his employees while they are in

his service and obeying his orders . . . he must warn them of all the dangers to which they will be exposed in the course of their employment. . . . And the employer will be presumed to be familiar with the dangers, latent as well as patent, ordinarily accompanying the business in which he is engaged."

Under this authority the statement of claim sufficiently avers negligence on the part of defendant.

The law undoubtedly is that where one, with full knowledge or full opportunity of knowledge, voluntarily assumes a danger he is barred from recovery under the doctrine of voluntary assumption of risk: Reilly v. Philadelphia Suburban Gas & Elec. Co., 295 Pa. 402; Flaherty v. McClintic-Marshall Const. Co., 243 Pa. 580. It may appear on the facts produced at trial that defendant had full knowledge or opportunity for knowledge of the dangers inherent in Noxon Cleaning Polish, but we cannot come to this conclusion as a matter of law on the pleadings as they now stand. The same is true in regard to contributory negligence.

And now, to wit, December 19, 1936, defendant's affidavit of defense raising questions of law is overruled with leave to defendant to file an affidavit of defense on the merits within 15 days from the date hereof.